# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### CASE NO.

ENRIQUE MADRINAN,

      Plaintiff,

vs.

2019 – 2030 HOLLYWOOD, LLC, AND
CARIDAD DEL COBRE-REYES CORP., d/b/a
LAS DELICIAS PERUANAS

      Defendant(s).

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff, ENRIQUE MADRINAN, (hereinafter sometimes referred to as "Plaintiff"), hereby sues the Defendants, 2019 – 2030 HOLLYWOOD LLC, and CARIDAD DEL COBRE-REYES CORP., d/b/a LAS DELICIAS PERUANAS (hereinafter collectively referred to as "Defendants"), for injunctive relief for access and barrier removal pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"), at a property bearing the business name Las Delicias Peruanas, located at 2023 Hollywood Boulevard, Florida, and bearing the Abbreviated Legal Description: HOLLYWOOD 1-21 B LOT 7 TO 9 BLK 9 (hereinafter sometimes referred to as "Restaurant" or "Premises").

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

## JURISDICTION

1.    This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA"). *See also* 28 U.S.C. §§ 2201 and 2202.

2.    This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3.    Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Broward County, Florida, and the subject Premises is located in Broward County, Florida.

## PARTIES

4.     Plaintiff, Enrique Madrinan, is a resident of the State of Florida, is *sui juris*, and is a qualified individuals under the ADA and the FACBC who has been denied access to the Premises as set forth more fully herein, and who will continue to be denied access without the injunctive relief requested herein.  Plaintiffs is a quadriplegic who is limited in one, or more major life activity, including but not limited to walking, standing, grabbing, and grasping and is a quadriplegic. Consequently, Plaintiff requires a wheelchair to ambulate.

5.      Plaintiff visited the property which forms the basis of this lawsuit on or about June 25, 2015, and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered and has knowledge of the architectural barriers at the subject

property which discriminate against him on the basis of his disability and has also endangered his safety. As a result of these barriers, Plaintiff was unable to access the main dining and unable to access the restroom at the Premises. These barriers also prevent and deter Plaintiff from returning to the Premises to enjoy the goods and services available to the public.

6.      Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Plaintiff has knowledge that the Premises which is the subject of this action contains numerous inaccessible elements which prevent access and are a threat to the safety of individuals with disabilities.

7.      Due to Defendants' ADA violations set forth *infra*, Plaintiff was not able to, and still cannot, access significant portions of the Premises or avail himself of the various amenities otherwise offered to able bodied individuals by the Defendants. Plaintiff, a resident of South Florida, shall return to the Premises once the architectural barriers violating the ADA and the FACBC are removed.  However, Plaintiff is deterred from returning as a result of the barriers to access present at the facility. Plaintiffs will be denied full access to the subject premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

8.      The Defendant, 2019 – 2030 HOLLYWOOD LLC, is a registered limited liability company that is authorized to, and does, transact business in the State of Florida. Upon information and belief, this Defendant is the owner/lessor and/or operator of the Premises which is the subject of this action.

9.      Defendant, CARIDAD DEL COBRE-REYES CORP., is a registered for-profit corporation that is authorized to, and does, transact business in the State of Florida. Upon

information and belief, this Defendant is a tenant at the Premises which is the subject of this action and is the operator and/or lessee of a restaurant therein which is commonly known as Las Delicias Peruanas, located at 2023 Hollywood Boulevard, Hollywood Florida, and which is a subject of this action.

**COUNT I**
**Americans With Disabilities Action**
**for Injunctive Relief**

10.     This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

11.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 9 of this Complaint as if fully stated herein.

12.     On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

13.     The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less.  *See* 42 U.S.C. § 12181; 28 C.F.R § 36.508(a).

14.     Pursuant to 42 U.S.C. §12183, Defendants had a legal duty to be in full compliance with the ADA as of January 26, 1992 at the latest. The Premises were long ago required to undergo barrier removal in order to be readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Defendants failed to do so.

15.     The Premises which is owned, leased to or by, and/or operated by the Defendants, and which is the subject of this action, includes a restaurant.  The restaurant must be, but is unable to be, accessed by individuals with disabilities, including the Plaintiff.

16.     Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the Premises which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

17.     The Defendants have discriminated against the Plaintiff by denying him access to, and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

18.     Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

19.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR

36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20.     Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

21.     The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and are discriminating against Plaintiffs as a result of the following violations:[2]

## HALLWAY LEADING TO THE RESTROOMS

a.  The hallway leading from the dining room/bar area to the Men's and Women's restrooms does not provide sufficient maneuvering clearance on the approach to the restrooms' respective doors.

## MEN'S RESTROOM

b.  Signage is not mounted on the latch side of the wall at 48" min and 60" maximum above the finish floor;
c.  The entrance door to the restroom does not provide accessible door hardware which does not require tight grasping or pinching;
d.  The lavatory does not provide insulation underneath;
e.  The lavatory does not provide faucets that do not require tight grasping or pinching;
f.  The lavatory is set on two legs which create insufficient clearance for an individual in a wheelchair;

---

[2]Due to the architectural barriers encountered, all areas of the premises were not able to be assessed by the Plaintiffs. Accordingly, the above list is not to be considered all-inclusive.  A *complete* list of the subject premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiffs' representatives pursuant to Rule 34 of the Federal Rules of Civil Procedure.

g. The commode lacks a compliant rear grab bar;
h. The commode lacks a compliant side wall grab bar;
i. The mirror in the restroom is mounted too high;
j. The toilet dispenser is improperly mounted within the clear floor space required to access the commode.

## **WOMEN'S RESTROOM**

k. Signage is not mounted on the latch side of the wall at 48" min and 60" maximum above the finish floor;
l. The entrance door to the restroom does not provide accessible door hardware which does not require tight grasping or pinching;
m. The lavatory does not provide insulation underneath;
n. The lavatory does not provide faucets that do not require tight grasping or pinching;
o. The lavatory is set on two legs which create insufficient clearance for an individual in a wheelchair.
p. The commode lacks a compliant rear grab bar.
q. The commode lacks a compliant side wall grab bar.
r. The mirror in the restroom is mounted too high.
s. The wastebasket encroaches upon the clear floor space required to access the lavatory.
t. The toilet dispenser is improperly mounted within the clear floor space required to access the commode.

22.    The discriminatory violations described in paragraph 21(a)-(t) are not an exclusive list of Defendants' ADA violations, but are readily achievable and can be corrected by the Defendants.

23.    The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the Premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' existing ADA violations, including, but not limited to, those set forth above.  Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

24.     The violations present at Defendants' Premises infringe on Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Premises. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

25.     By encountering the discriminatory conditions at Defendants' Premises, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with ADA violations, Defendants deprive Plaintiff the equal opportunity offered to the general public to freely travel without fear of being subjected to discrimination.

26.     In the future, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur, Plaintiff will visit the subject premises not only to avail himself of the services, programs and/or activities available at the building/property, but also to assure himself that the subject premises is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety.

27.     As a proximate result of Defendants' failure to design, alter, construct, or remove architectural barriers from the Premises in a manner that is readily accessible to and usable by

individuals with disabilities as required by the ADA, Plaintiff, Enrique Madrinan has suffered, and will continue to suffer, injury including, but not limited to a deprivation of his right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Premises.

28.     Plaintiff is without an adequate remedy at law, and is suffering irreparable harm. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants continuing discriminatory conduct.

29.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.   Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

31.     The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices and policies, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, ordering the Defendants to maintain accessible features at the premises, and awarding Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite modifications are completed.

## COUNT II

### Action for Violations of the Florida Americans
### With Disabilities Accessibility Implementation Act

32.     This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

33.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 9 of this Complaint as if fully stated herein.

34.     Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[4] and Title II of Public Law No. 101-336,[5]" subject to the additional requirements of Fla. Stat. § 553.504.

35.     Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC).   The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997.  *See* FACBC Chapter 11 and Fla.  Stat. § 553.503.

36.     In addition, Fla.  Stat. § 553.502 provides that "nothing in ss.  553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility

---

[4] 28 CFR §§ 36.101, *et seq,* 36.401, *et seq.*
[5] 42 U.S.C.A. § 12131, *et seq.*

-10-

Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.

37.     Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code</u>. The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law.  Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code.  Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

38.     Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

39.     Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other...State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them."  *Id.*

40.     At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiffs herein.

41.     On more than one occasion, Defendants breached its duty to provide access to the subject premises by Plaintiff and thereby discriminated against Plaintiff, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

## HALLWAY LEADING TO THE RESTROOMS

a.  The hallway leading from the dining room/bar area to the Men's and Women's restrooms does not provide sufficient maneuvering clearance on the approach to the restrooms' respective doors.

## MEN'S RESTROOM

b.  Signage is not mounted on the latch side of the wall at 48" min and 60" maximum above the finish floor.
c.  The entrance door to the restroom does not provide accessible door hardware which does not require tight grasping or pinching;
d.  The lavatory does not provide insulation underneath;
e.  The lavatory does not provide faucets that do not require tight grasping or pinching;
f.  The lavatory is set on two legs which create insufficient clearance for an individual in a wheelchair;
g.  The commode lacks a compliant rear grab bar;
h.  The commode lacks a compliant side wall grab bar;
i.  The mirror in the restroom is mounted too high;
j.  The toilet dispenser is improperly mounted within the clear floor space required to access the commode.

## WOMEN'S RESTROOM

k.  Signage is not mounted on the latch side of the wall at 48" min and 60" maximum above the finish floor.
l.  The entrance door to the restroom does not provide accessible door hardware which does not require tight grasping or pinching;
m.  The lavatory does not provide insulation underneath;
n.  The lavatory does not provide faucets that do not require tight grasping or pinching;
o.  The lavatory is set on two legs which create insufficient clearance for an individual in a wheelchair;

-12-

     p.  The commode lacks a compliant rear grab bar;
     q.  The commode lacks a compliant side wall grab bar;
     r.  The mirror in the restroom is mounted too high;
     s.  The wastebasket encroaches upon the clear floor space required to access the lavatory;
     t.  The toilet dispenser is improperly mounted within the clear floor space required to access the commode.

42.    The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the Premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations set forth above.  Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage, and will be deterred from returning to the subject premises without the relief provided pursuant to the FACBC as requested herein.

43.    Plaintiff is without an adequate remedy at law, and is suffering irreparable harm. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants continuing discriminatory conduct.

44.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.[7]

45.    Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat.  §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and facilities to make them readily accessible

---

[7]*Cf., Wesley Group Home Ministries, Inc., v.  City of Hallendale,* 670 So.2d 1046 (Fla.4th Distr.  1996).

to, and usable by, individuals with disabilities to the extent required by the FACBC, and closing the subject premises and facilities until the requested modifications are completed.

46.     The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, awarding Plaintiff his attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requested modifications are completed.

Date: August 25, 2015                          Respectfully submitted,

                                               By:*/S/ Camilo F. Ortega*
                                               Camilo F. Ortega, Esq.,
                                               Florida Bar No.: 0075387
                                               ORTEGA LAW GROUP, P.A.,
                                               **THE LAW CENTER**
                                               1888 N.W. 7th Street
                                               Miami, Florida 33125
                                               Ph: (786) 452-9709
                                               Fax: (305) 643-3334
                                               E-Mail: camilo@ortegalawgroup.com
                                               Service by E-Mail:
                                               attorneyservice@ortegalawgroup.com
                                               Secondary E-Mail:
                                               caoclerk@ortegalawgroup.com